UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Obadiah Cam'ron Lord,

    Plaintiff,

v.

Experian Information Solutions, Inc., *et al.*,

    Defendants.

Case No. 2:23-cv-3949

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Obadiah Cam'ron Lord ("Plaintiff") sues Experian Information Solutions, Inc. ("Experian") and Cellco Partnership d/b/a Verizon Wireless Services, LLC ("Verizon")[1] under the Fair Credit Reporting Act ("FCRA"). Compl., ECF No. 1.

Verizon moves to compel arbitration and stay the case pending said arbitration. Mot. Compel, ECF No. 13. Plaintiff does not oppose Verizon's motion to compel arbitration or to stay this case against Verizon, but Plaintiff objects to staying litigation of its claims against Experian pending the Verizon arbitration. Resp., ECF No. 20.

On Plaintiff's and Verizon's agreement, the Court **COMPELS** arbitration of Plaintiff's claim against Verizon. The next issue is whether to stay the entire litigation or only Plaintiff's claims against Verizon.

---

[1] Verizon asserts that it has been sued under the wrong name. *See* Mot. Compel, ECF No. 13. Plaintiff shall ensure the defendants are correctly named.

Whether to stay the entire action pending Plaintiff's arbitration with Verizon falls within the Court's discretion. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983). In considering whether to stay a plaintiff's claims against non-arbitrating parties, courts consider such things as whether the arbitrable claims predominate the case and whether the arbitrator's decision can affect the outcome of the non-arbitrable claims. *RECO Equip., Inc. v. Wilson*, 2021 WL 1721047, at *6 (S.D. Ohio Apr. 30, 2021) (citation omitted).

Plaintiff argues that his claims against Experian and his claim against Verizon involve each entity's independent duties under the FCRA and that the reasonableness of Experian's reinvestigation is not directly tied to the reasonableness of Verizon's reinvestigation. Resp. 4–5, ECF No. 20. Because the claims are independent of one another, he argues, there is no efficiency to be gained by staying the entire litigation.

Verizon retorts that, although each entity's investigative duties may stem from a different statutory provision, Plaintiff cannot make out a claim against either entity if the information Verizon furnished to Experian was factually accurate. Reply 4–5, ECF No. 21 (citing cases). Because each of Plaintiff's claims against Verizon *and* Experian hinge on the threshold issue of the accuracy of the information Verizon reported to Experian, Verizon argues the entire case should be stayed pending arbitration. *Id.* Additionally, Verizon argues that it would have discovery obligations with respect to Plaintiff's claims

against Experian such that failing to stay the entire case would be burdensome for Verizon. *Id.* at 6.

The Court agrees with Verizon. To succeed on his claims against Experian, Plaintiff must show that the information Verizon furnished to Experian was inaccurate. *E.g.*, *Twumasi-Ankrah v. Check'r, Inc.*, 954 F.3d 938, 942 (6th Cir. 2020) ("[T]o state the first element of a claim under § 1681e(b), a plaintiff may allege that a [credit reporting agency] reported either patently incorrect information about them *or* information that was misleading in such a way and to such an extent that it could have been expected to have an adverse effect on the consumer." (cleaned up)); *Middlebrooks v. Equifax, Inc.*, No. 23-11086, 2024 WL 631000, at *6 (11th Cir. Feb. 15, 2024) ("To establish a violation of either of these FCRA provisions, the consumer must present evidence tending to show that the agency prepared a report containing inaccurate information." (citations omitted)); *see also* Compl. ¶ 11, ECF No. 1 ("Plaintiff's claims arise out of Experian's blatantly inaccurate credit reporting . . . .").

Accordingly, although Plaintiff's claims against Experian and Verizon are distinct, they are not completely independent of one another. The arbitration proceedings could very well affect Plaintiff's non-arbitrable claims if the arbitration involves the accuracy of the information Verizon furnished to Experian, and it therefore is most efficient to stay the entire proceeding pending arbitration. Of course, should the accuracy of the information not become a contested issue

in arbitration, Plaintiff may move to lift the stay and proceed with his claims against Experian.

In conclusion, the Court **STAYS** this action pending arbitration. The parties are **DIRECTED** to file a status report every **NINETY DAYS** on the status of arbitration and to notify the Court at the conclusion of the same.

The Clerk shall terminate ECF No. 13 and stay this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**